IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | Criminal No. 19-135 |
| ) | Criminal No. 20-283 |
| DONDI SEARCY, and      ) | |
| QUANTEL SEARCY        ) | |

**Memorandum Order**

Presently before the Court are Dondi Searcy's Motion to Continue Trial (ECF No. 821) and Quantel Searcy's Motion for Severance and Continuance of Trial (ECF No. 791). On November 1, 2021, the Court granted Quantel Searcy's Motion because the Government indicated that it had no objection. ECF No. 795. Subsequently, the Court vacated the Order granting the Motion to permit co-defendants to respond. ECF No. 801. On November 5, 2021, co-defendant Dondi Searcy filed his Response indicating that he did object to severance but had no objection to a continuance. ECF No. 806. Specifically, Dondi Searcy argued against severance as follows:

> due to the nature of this case, the fact that there are several additional defendants involved in this matter, the fact that certain motions may be unable to be submitted due to items of discovery not yet having been disclosed, and in the interest of judicial economy and in efforts to avoid functionally-identical and duplicative trials, the consolidated trial for all of the defendants in this matter should be continued until such time as Quantel Searcy is able to be brought to trial as well.

ECF No. 806, at ¶ 3. Thereafter, in pretrial conferences held on November 10, 2021 and November 16, 2021, the Court stated that Quantel Searcy's Motion to Continue would be granted, but deferred ruling on the Motion for Severance. Finally, on this date, November 29, 2021, Dondi Searcy's counsel placed on the record during a status conference additional reasons in support of a continuance.

**I.      Quantel Searcy's Motion to Continue**

The reasons set forth by Quantel Searcy for continuing the trial are, as detailed in his Motion, due to his health condition resulting from contracting COVID-19 and being hospitalized. As a result, Quantel Searcy has been unable to communicate with counsel in order to prepare for trial. In addition, the logistics of Quantel Searcy attending trial in open court not only presents a hardship for Quantel Searcy, but also places him at risk of suffering a deterioration in his health before he has recovered sufficiently. In addition, a continuance would enable him to attend trial and, as a result, avoid prejudice. Therefore, continuance of the trial as to Quantel Searcy is warranted.

The Court finds that the ends of justice are served by permitting a continuance as to Quantel Searcy. A continuance of this matter outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that the failure to grant a continuance is likely to result in a miscarriage of justice to Quantel Searcy. A continuance will enable Quantel Searcy and his counsel reasonable time necessary for effective trial preparation. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Finally, based on the representations of counsel and the exhibits attached to his motion, it also appears that Quantel Searcy is physically unable to stand trial at this time. 18 U.S.C. § 3161(h)(4). Accordingly, Quantel Searcy's Motion to Continue the Trial is GRANTED. Trial as to Quantel Searcy is continued to a date to be determined. Counsel shall file a status to update the Court as to Quantel Searcy's health at the end of December 27, 2021, and every four weeks thereafter until such time as Quantel Searcy is recovered sufficiently for the Court to set a trial date. Each status report may be filed under seal without further order of court with the requirement to file a redacted version on the docket waived.

## II.    Dondi Searcy's Motion to Continue

As noted, in addition to his written Motion for Continuance, counsel notified the Court of a recently discovered issue resulting in counsel being without necessary support staff.  The Court finds that the ends of justice are served by permitting a continuance as to Dondi Searcy.  The Court finds that a continuance of the trial as to Dondi Searcy is warranted in order to ensure that defense counsel is able to effectively prepare and conduct trial.  A continuance of this matter outweighs the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  Specifically, the Court finds that the failure to grant a continuance is likely to result in a miscarriage of justice to Dondi Searcy by depriving his counsel the ability to prepare for and conduct trial effectively.  18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  Accordingly, Dondi Searcy's Motion to Continue the Trial is GRANTED.  Trial as to Dondi Searcy is continued to a date to be determined.

## III.    Motion to Sever

"Motions to sever are governed by Federal Rule of Criminal Procedure 14, which permits the trial court to grant a defendant's motion for severance if it appears that the defendant will be prejudiced by a joint trial with other defendants."  United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993).  Federal Rule of Criminal Procedure 14(a) states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991).  A defendant "must demonstrate clear and substantial prejudice resulting in a manifestly unfair

trial." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). "Motions for severance rest in the sound discretion of the trial judge." Id.

Motions for severance are "in tension with 'the fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Lore, 430 F.3d 190, 204–05 (3d Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993) (other citations and internal quotation marks omitted)). Defendants seeking severance must show that "the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." Lore, 430 F.3d at 205 (quotations an citation omitted).

One concern raised by permitting a severance is that going to trial on the same indictment at two different times does not promote efficiency. Two jury pools must be called, two juries must be selected, and there will no doubt be duplication of evidence and witnesses. In addition, due to COVID-19 and the temporary pause of jury trials, the backlog of cases needing to be tried will be affected by having two trials instead of one. On the other hand, the Court, the government, and Dondi Searcy and his defense counsel, have been preparing to conduct a separate trial. The Court is also mindful that the public has an interest in a speedy trial. The Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." Bloate v. United States, 559 U.S. 196, 211 (2010). In light of the fact that trial is continued as to both Quantel Searcy and Dondi Searcy to a date to be determined, the Court continues to defer ruling on the Motion to Sever.

IT IS SO ORDERED:


Dated: November 29, 2021             ___/s *Marilyn J. Horan*___
                                                             Marilyn J. Horan
                                                             United States District Court Judge